UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| | ) | |
| Southeastern Chemical Corporation, | ) | Case No. B05-14502C-11G |
| | ) | |
| Debtor. | ) | |
| | ) | |

MEMORANDUM OPINION AND ORDER

THIS MATTER came on for hearing on November 30, 2006 upon the Motion for Authority to Use Funds (the "Motion"), filed by the above-referenced debtor (the "Debtor") on November 3, 2006; Dirk W. Siegmund appearing on behalf of the Debtor, Benjamin A. Kahn appearing on behalf of Virginia Lynch, and Sarah D. Bruce appeared on behalf of the United States Bankruptcy Administrator, and based upon the pleadings filed, evidence presented, and representations made, the Court makes the following findings of fact and conclusions of law:

1. On December 4, 2005 (the "Petition Date"), the Debtor filed a voluntary petition under Tile 11 of the United States Bankruptcy Code. Since the filing, the Debtor has operated as a debtor-in-possession.

2. The Debtor is an "insurance fiduciary" as defined in N.C. Gen Stat. § 58-50-40.[1]

3. The coverage extending from the group health insurance policy that the Debtor maintained on behalf of its employees with Blue Cross Blue Shield of North Carolina lapsed on December 1, 2005, three days prior to the Petition Date.

---

[1] That statute defines an "insurance fiduciary" as "any person, <u>employer</u>, principal, agent, trustee, or third party administrator who is responsible for the payment of group health or group life insurance premiums or who is responsible for funding a group health plan." N.C. Gen. Stat. § 58-50-40 (emphasis added).

4.      On the petition date, Betty Taylor was an employee of the Debtor and was, along with her husband, Ralph L. Taylor, enrolled in the Debtor's group health insurance policy with Blue Cross Blue Shield of North Carolina, which had lapsed three days prior to the Petition Date. During the period between December 4, 2005 and January 13, 2006, when Mrs. Taylor's employment with the Debtor ceased, Mr. Taylor incurred significant medical expenses.

5.      Pursuant to N.C. Gen. Stat. § 58-50-40(b), insurance fiduciaries may not cause the cancellation of a group insurance policy by a willful failure to pay and are required to provide forty-five (45) days notice to persons covered under a group insurance policy before terminating coverage under the policy.  Further, pursuant to N.C. Gen. Stat. § 58-50-40(c), a violation of subsection (b) will cause the insurance fiduciary to be guilty of a Class H Felony.

6.      Pursuant to N.C. Gen. Stat. § 58-50-40(e), an obligation to make payments to persons covered under the terminated policy for the violation of subsection (b), and subsequent expenses incurred by such persons, will only arise after the insurance fiduciary has been convicted under subsection (c) of N.C. Gen. Stat. § 58-50-40.  On the Petition Date, the Debtor had not been convicted under subsection (c) of N.C. Gen. Stat. § 58-50-40.  Therefore, on the Petition Date, the Debtor was not obligated to make any payments to Ms. Taylor or Mr. Taylor pursuant to  N.C. Gen. Stat. § 58-50-40.  Thus, although Mr. Taylor incurred expenses post-petition due to his lack of insurance coverage, the Debtor is not obligated to make restitution to him because there has been no conviction under subsection (c) of N.C. Gen. Stat. § 58-50-40.

7.      Even if there were a conviction against the Debtor, Mr. Taylor's claim would not be entitled to administrative expense treatment because the claim arose prepetition and not from a transaction between Mr. Taylor and the estate that resulted in a benefit to the estate.[2]

---

[2] See 4 Collier on Bankruptcy ¶ 503.06 (Alan N. Resnick & Henry J. Sommers eds., 15th ed. rev. 2006).

8. Neither Mr. Taylor nor the Debtor proved that Mr. Taylor is entitled to an administrative expense.[3] For the reasons stated above, the claim of Mr. Taylor constitutes a general unsecured claim, not an administrative expense claim. The Debtor may not use a portion of the funds currently held in this estate to pay the claim of Mr. Taylor as an administrative expense.

Therefore, it is hereby ORDERED ADJUDGED AND DECREED that the Motion is DENIED.

---

[3] "The traditional presumption favoring ratable distribution among all holders of unsecured claims counsels strict construction of the Bankruptcy Code provisions governing requests for priority payment of administrative expenses. . . . The burden of proving entitlement to priority payment as an administrative expense therefore rests with the party requesting it." In re Hemingway Transport, Inc., 954 F.2d 1, 4-5 (1st Cir. 1992) (internal citations omitted).

Southeastern Chemical Corporation
B05-14502
Chapter 11

Parties to be Served

Action Capital Corporation
Attn: Becky Cronister
230 Peachtree St., Ste. 910
Atlanta, GA  30303

American Dyestuff Corporation
855 Valley Road
Clifton, NJ  07013

AP Chemicals, Ltd.
c/o N. Hunter Wyche Jr., Esq.
Smith Debnam Narron, et al.
P.O. Box 26268
Raleigh, NC  27609

Benjamin A. Kahn, Esq.
701 Green Valley Rd., Ste. 100
Greensboro, NC  27408

Boehme Filatix, Inc.
209 Watlington Industrial Drive
Reidsville, NC  27320

Brenntag
2000 East Pett Grew Street
Durham, NC  27703

Cargill
P.O. Box 751992
Charlotte, NC  28275-1992

Charles A. Lorelli
Lorelli & Co., Inc.
1 Point Prospect Place
Chapel Hill, NC  27514

Dirk W. Siegmund, Esq.
P.O. Box 3324
Greensboro, NC  27401

Estes Express Lines
P.O. Box 25612
Richmond, VA  23260-5612

GE Silicones OSI
P.O. Box 643642
Pittsburgh, PA  15264-3642

Harcros Chemiclas, Inc.
P.O. Box 2930
Kansas City, KS  66110-2930

Harry Lee Lynch, Jr.
Attorney-in-Fact for
Virginia Davis Lynch
PO Box 1382
Pittsboro, NC -27312-1382

Industrial Chemicals, Inc.
2540 Bellwood Road
Richmond, VA  23237

John H. Small, Esq.
P.O. Box 26000
Greensboro, NC  27420

Marlin Chemical Co., Inc.
c/o Charles A. Brady, Esq.
P.O. Drawer 1320
Lenoir, NC  28645

Michael D. West
Bankruptcy Administrator
P.O. Box 1828
Greensboro, NC  27402

MIC Specialty Chemicals
c/o Robert Bubser
100 Wood Ave. South
Suite 201
Iselin, NJ  08830

National Container Group
1209-C Tarheel Road
Charlotte, NC  28208

NICCA USA, Inc.
c/o Kiah T. Ford IV, Esq.
401 South Tryon St., Ste. 3000
Charlotte, NC  28202

Ohio Casualty Insurance Co.
c/o RMS Bkcy Recovery Sr.
P.O. Box 5126
Timonium, MD  21094

Overnite Transportation Co.
Attn: Rebecca Richardson
P.O. Box 1216
Richmond, VA  23218

SISU Chemical, LLC
840 Main Campus Drive
Suite 3580
Raleigh, NC  27606

Southern Lithoplate, Inc.
P.O. Box 9400
Wake Forest, NC  27588-9400

SunTrust Bank
c/o Sheldon M. Francis, Esq.
P.O. Box 31247
Charlotte, NC  28231

Vernon, Vernon, Wooten, et al.
P.O. Drawer 2958
Burlington, NC  27216-2958

W.E. Trent, III
Southeastern Chemical Corporation
P.O. Box 917
Graham, NC  27253

WEGO Chemical & Mineral
239 Great Neck Road
Great Neck, NY  11021

Worldchem, LLC
P.O. Box 51
Wickatunk, NJ  07765