**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **SOUTHEASTERN CHEMICAL** | ) | |
| **CORPORATION,** | ) | |
| | ) | **Case No. B-05-14502-C-11G** |
| | ) | |
| Debtor. | ) | |

**MEMORANDUM OPINION**

THIS MATTER came before the Court on June 14, 2007, upon the Debtor's objection to Claim number 42 filed by Roger L. Williams ("Mr. Williams"), which objection was filed March 16, 2007. The Debtor was represented by Dirk W. Siegmund at the hearing and Mr. Williams appeared pro se. Testimony was heard from Mr. Williams and Mr. William E. Trent, III ("Mr. Trent"), the President of the Debtor. The claim was filed by Mr. Williams on May 23, 2006, for alleged unpaid wages in the amount of $8,497.56.

Based upon a review of the evidence presented at the hearing, the arguments of counsel and Mr. Williams, and a review of the entire official file, this Court finds that the Debtor's objection to that claim of Mr. Williams should be sustained in part and overruled in part.

**I. JURISDICTION**

The Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334, and the General Order of Reference entered by the United States District Court for the Middle District of North Carolina on August 15, 1984. This is a core proceeding within the meaning of 28 U.S.C. § 157(b), which this Court may hear and determine.

1

## II. FACTS

Southeastern Chemical Corporation (the "Debtor") was a company engaged in the chemical manufacturing business; it has now been liquidated.  Mr. Williams began working full-time for the Debtor on January 1, 1996 in a sales capacity.  The Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code on December 4, 2005.

Mr. Williams asserts that he is owed wages for two pay periods, each one being a two-week pay period totaling $1,807.99, for a total of $3,615.98.  He further claims that he is owed for seven additional days of work, at a rate of $180.80 per day, for a total of $1,265.60.[1]  Finally, Mr. Williams asserts that the he is owed $3,615.98 for four weeks of vacation that he had accrued by January 1, 2006.  These three amounts total $8,497.56.

A. The Two Pay Periods

Mr. Trent testified that, in December 2005, a decision was made by the Debtor not to pay Mr. Williams for any work done in December 2005 because he had taken vacation in excess of the three weeks per year to which he was entitled.  Mr. Trent testified that Mr. Williams had taken seven weeks of vacation during calendar year 2005 but prior to December 1, 2005.  Seven weeks of vacation are four weeks more than the three weeks of vacation that were allowed to the Debtor's employees and constituted an un-excused absence from work.  For that reason, the Debtor refused to pay Mr. Williams for the two pay periods in December of 2005.

In response to Mr. Trent's allegations, Mr. Williams testified that he had never been reprimanded for any un-excused absences and that he never took more than four weeks of

---

[1]The claim of Mr. Williams states that he  worked on  December 7, 8, and 9 of 2005 and on January 4, 5, 6, and 9 of 2006.  At a rate of $180.80 per day, the additional pay generated for these days totals $1,265.60.

2

vacation in any year in which he was employed by the Debtor.  Mr. Williams also submitted the

letter of Betty M. Taylor, an employee of Southeastern.  In her letter, Ms. Taylor states that Mr.

Williams was never in the office on a daily basis because he was responsible for outside sales

and technical support.  She also states that Mr. Williams worked late into the evening on many

occasions, worked in the office, worked in customers' plants, and entertained customers after

normal working hours.

      The Debtor disputed that Mr. Williams was entitled to four weeks of vacation per year.

Mr. Trent testified that, according to company policy, every employee with at least ten years with

the company was entitled to three weeks of vacation.  He testified that he did not authorize Mr.

Williams to take four weeks of vacation per year.

      Mr. Williams testified that he was induced to accept the job with the Debtor, in part, by

the promise that he would be entitled to four weeks of vacation per year, which he alleged was a

reduction from his previous job, where he was given five weeks of vacation per year.  Mr.

Williams presented a notarized letter from Ms. Jimmye M. Olivery, the Debtor's office manager,

which stated that Mr. Williams was allowed four weeks of vacation per year.  The Olivery letter

further provides that vacation time at the company ran from January through December of each

year and that all benefits accrued on January 1 of each year.

B. Additional Days

      With respect to the additional days worked, the Debtor did not dispute that Mr. Williams

worked on December 7, 8, and 9, 2005.  However, Mr. Trent testified that Mr. Williams was not

entitled to any payroll or benefits after January 1, 2006, because Mr. Williams did not return to

work after the 2005 Christmas holiday.  Mr. Trent testified that the Debtor had been involved in

negotiations with Blue Ridge Paper, a customer, in the winter of 2005-2006.  He testified that

Mr. Williams, although he was involved in these negotiations in the beginning, was not involved

in any negotiations with Blue Ridge Paper after the end of 2005.  To the extent of Mr. Trent's

knowledge, Mr. Williams did not take part in any sales calls to Blue Ridge Paper after December

2005.  Mr. Trent testified that, if Mr. Williams had made such an effort, he would have been

aware of such actions because Mr. Williams reported directly to him.

Mr. Williams testified that he was in the office on January 3, 4, and 5 of 2006 to address a

problem involving a lack of raw materials that had arisen in relation to the Debtor's negotiations

with Blue Ridge Paper.  The letter from Betty M. Taylor stated that Mr. Williams was in the

office on January 3, 4, and 5, 2006.  January 9, 2006 was a Monday, and Ms. Taylor's letter

stated that Mr. Williams normally worked from home on Mondays.  Mr. Williams also submitted

a letter of Ms. Shanna Phillips, the Debtor's  receptionist, which stated only that Mr. Williams

was in his office on January 3, 2006, and that he worked form home on Monday January 9, 2006.

### III. ANALYSIS

A.  Burden of Proof

A proof of claim that is executed and filed in accordance with the Bankruptcy Rules

constitutes "prima facie evidence of the validity and amount of the claim." FED. R. BANKR.

PROC. 3001(f).  The ultimate burden of proof, however, is not shifted by this presumption in

favor of validity.  "[T]he debtor has the initial burden of establishing a colorable challenge to a

properly filed poof of claim; but once the debtor has met the burden, the burden of going forward

shifts back to the creditor, and the creditor bears the ultimate burden of persuasion." 4 Keith M.

Lundin, Chapter 13 Bankruptcy § 287.1 (3d ed. 2006); see also In re Carrazco, No. 02-52925,

4

slip op. (Bankr. M.D.N.C. Sept. 26, 2003)(2003 WL 22231720); In re Hodges, No. 01-10255C,

slip op. (Bankr. M.D.N.C. Feb. 4, 2003)(2003 WL 262521)("If the objecting party produces such

evidence, the burden of going forward reverts to the claimant to prove the validity of the claim by

a preponderance of the evidence.").

B. Analysis of the Facts

        The Debtor's objection to Mr. Williams' claim, as filed, is based on two grounds.  The

first is that Mr. Williams, due to un-excused absences from work, was not entitled to wages for

December of 2005.  The second is that, because Mr. Williams failed to report for work in January

of 2006, he is not entitled to wages for that month.  As noted above, the Debtor also objected at

the hearing to Mr. Williams' assertion that he was entitled to four weeks of vacation per year

while employed by the Debtor.

        The Court finds that Mr. Williams was entitled to four weeks of vacation each year and

that he took seven weeks of vacation in 2005.  He is entitled to be paid for one week of work in

December of 2005, which equals $904.00.  The Court finds that Mr. Williams worked two days

after January 1, 2006, for which he is owed a total of $361.60. Finally, since all benefits due to

the Debtor's employees accrued on January 1 of each year, a fact that the Debtor did not dispute,

Mr. Williams is entitled to be paid for four weeks of vacation in 2006, which totals $3,615.98.

### IV. CONCLUSION

        Mr. Williams carried his burden of proving that the Debtor owes him $4,881.58 on claim

number 42, and to that extent the Debtor's objection is overruled.  Mr. Williams failed to prove

that he is owed the rest of his claimed amount (i.e., $3,615.98), and to that extent the Debtor's

objection is sustained.  Since $4,881.58  was earned by Mr. Williams post-petition, said amount

constitutes a priority claim pursuant to Section 507 of the Bankruptcy Code.

This opinion constitutes the Court's findings of fact and conclusions of law.  A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**
**GREENSBORO DIVISION**

| | |
|---|---|
| **IN RE:** ) | |
| ) | |
| **SOUTHEASTERN CHEMICAL** ) | |
| **CORPORATION,** ) | |
| ) | **Case No. B-05-14502-C-11G** |
| ) | |
| **Debtor.** ) | |
| _____ ) | |

<u>CERTIFICATE OF SERVICE</u>

Roger L. Williams
1643 Kingfisher Drive
Ridgeway, S.C. 29130

Dirk W. Siegmund, Esq.
Ivey, McClellan, Gatton & Talcott, LLP
P.O. Box 3324
Greensboro, N.C. 27402

Michael D. West, Esq.
Bankruptcy Administrator
101 South Edgeworth Street
Greensboro, N.C. 27401